UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a Non-Profit Corporation, and JOHN MEGGS, Individually, )))) | |
| Plaintiffs, ) | Case No. |
| vs. ) | |
| UNITED STATES BEEF CORPORATION, an Oklahoma Corporation )))) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, UNITES STATES BEEF CORPORATION, an Oklahoma Corporation ("Defendant"), for injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.       This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA" or "Americans with Disabilities

Act").

2.      Venue is properly located in this Court; Eastern District of Missouri, pursuant to 28 U.S.C. §1391(b).  Venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

3.      Divisional venue is proper pursuant to E.D. Mo. L.R. 3 - 2.07.

4.      All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of Saint Louis County.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  See also 28 U.S.C. § 2201 and § 2202.

6.      Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the Los Angeles County.

7.      Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the Union County.

8.      Defendant, UNITED STATES BEEF CORPORATION, owns, leases, leases to, or operates the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

9.      Defendant's property, also known as Arby's Store #582 ("Arby's"), is located at 9418 Natural Bridge Road, Berkeley, Missouri 63134.

10.      Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Meggs is paraplegic as the result of a spinal

cord injury and requires a wheelchair for mobility at all times.

11.    Plaintiff, JOHN MEGGS, regularly visits the St. Louis area to conduct business; Mr. Meggs is a deejay, internet radio host, podcast host and talent scout.  Mr. Meggs visits the St. Louis area to promote these business endeavors and to search for new musical talent.  Plaintiff presently has two future visits to the St. Louis area planned and these visits will take place during the first weeks of both June and July 2018.

12.    Plaintiff operates a business incorporated under the laws of the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment C, St. Louis, Missouri 63146.

13.    Mr. Meggs has visited the property that forms the basis of this lawsuit on several occasions – his last visit taking place in October 2017 – and plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at the property.  Mr. Meggs has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  Mr. Meggs is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 14, and acts as a tester on their behalf to ensure the compliance of places of public accommodations under the Americans with Disabilities Act.

14.    Plaintiff, THE INDEPENDENCE PROJECT, INC. is a New Jersey nonprofit corporation.  Members of this organization include individuals, residing across the United States, with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

15.    THE INDEPENDENCE PROJECT, INC. and its members have suffered and will

continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant has been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

16.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Arby's, and is located at 9418 Natural Bridge Road, Berkeley, Missouri 63134, in Saint Louis County.

17.     THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 19 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  JOHN MEGGS desires to visit Arby's, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18.     The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

19.     The Defendant has discriminated, and is continuing to discriminate, against the

4

Plaintiff in violation of the ADA by failing to, among other things, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of subject property, Arby's has shown that violations exist.  The violations that JOHN MEGGS personally encountered at the subject property include but are not limited to the following:

**Parking and Exterior Accessible Route**

a.   Parking spaces throughout Arby's are not maintained are located on a slope, lack compliant access aisles and fail to provide a compliant accessible route, violating Sections 402, 502 and 502.4 of the 2010 Accessibility Standards.  These conditions, during several visits, prevented Mr. Meggs from unloading from his vehicle freely and safely.  On certain occasions, Mr. Meggs would park away from the accessible parking at Arby's so he could access the restaurant safely.

b.   Curb ramps provided at Arby's are unsafe for wheelchair users and are not provided in some areas. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards.  Mr. Meggs, who makes use of a manual wheelchair, struggled with the slopes.  Conditions, such as these, are unsafe for Mr. Meggs when he accesses curb ramps.

c.   Parking designated accessible provides improper curb ramps that impeded the access aisles, violating Sections 402 and 502 of the 2010 Accessibility Standards.  Mr. Meggs was impeded by the lack of space while trying to enter Arby's.

d.   Arby's fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  The lack of a safe accessible route prevents the option of public transportation for Mr. Meggs.

**Access to Goods and Services**

e.   Entering Arby's is impeded by slopes at the base of the door and a lack of latch side clearance, violating Sections 402 and 404 of the 2010 Accessibility Standards.  Mr. Meggs was unable to enter Arby's without assistance due to a lack of maneuvering space.

**Restrooms**

f.   Restrooms at Arby's were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Meggs was unable to use the restrooms due to a lack of accessibility.  Including a lack of clear width and maneuvering space to enter, inaccessible water closets which lack proper controls, signage and wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

g.   Restrooms at Arby's provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

h.   Lavatories at Arby's lack knee clearance and accessibility preventing Mr. Meggs from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

i.   Use of restrooms doors at Arby's is impeded by a lack of clear width and maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards.  Mr. Meggs was unable to access Arby's restrooms due to a lack of space.

20.   All of the foregoing violations are also violations of the 1991 American with Disabilities Act Accessibility Guidelines and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

21.   The discriminatory violations described in paragraph 19 are not an exhaustive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA

and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

22.     The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

7

25.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendant to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated:  February 1, 2018        /s/ Jon G Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Federal Bar No. 70443MO
Shadinger Law, LLC
100 S 4th Street
Suite 550
St. Louis, MO 63102
Tel. (314) 279-7416
js@shadingerlaw.com

*Attorney for Plaintiffs,*
*The Independence Project, Inc.*
*and John Meggs*